IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MELISSA WATSON,
    Petitioner,

v.                                                Case No. 5:25cv17/TKW/MAL

WARDEN GABBY,
    Respondent.
                                  /

## REPORT AND RECOMMENDATION

Petitioner Melissa Watson initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 2. She claimed to be eligible for placement in pre-release custody on February 2, 2025, because of First Step Act (FSA) credits she had earned. *Id.* at 3, 8. The FSA Time Credit Assessment attached to her petition shows her FSA conditional release date is May 3, 2025. *Id.* at 11. She also has 90 days under the Second Chance Act for early placement, which results in a Conditional Transfer to Community Date of February 2, 2025. *Id.* However, designation to prerelease custody under the Conditional Transfer to Community Date is subject to consideration of various factors, including "the resources of the facility contemplated." 18 U.S.C. § 3621(b)(1).

On February 7, 2025, the undersigned entered an order directing Petitioner to provide two service copies of her § 2241 petition or submit $18.00 for the clerk of

court to make the copies for her. ECF No. 5. Petitioner was instructed to comply by March 12, 2025, and she was warned that failure to timely comply with an order of the court would result in a recommendation that this case be dismissed.

Having received no response from Petitioner, on March 20, 2025, the Court directed Petitioner to show cause, in writing, by April 3, 2025, why this case should not be dismissed due to her failure to comply with the Court's order regarding the service copies. ECF No. 6. The order noted that Petitioner's lack of response may have been because Petitioner was no longer in custody at FCI Marianna, but she had been transferred to pre-release custody, which in turn may have rendered her petition moot. She was again warned that failure to timely respond to the Court's order would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner

has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

Additionally, the petition is likely moot. Not only was Petitioner transferred to the supervision of the Residential Reentry Management Office in Dallas, Texas, at an unknown time, but now BOP records indicate Petitioner is "Not in BOP Custody as of: 04/15/2025." *See* https://www.bop.gov/inmateloc/. Petitioner's transfer, which was the relief sought in her petition, calls into question the continued viability of her petition because "there is nothing left for [the court] to remedy." *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)); *see also, Singleton v. Neely*, No. 7:22-cv-844, 2023 WL 9550049 (N.D. Ala. Dec. 21, 2023) (finding moot a petition requesting immediate transfer to RRC or home confinement because the petitioner had already received the relief sought), report and recommendation adopted, 2024 WL 476949 (N.D. Ala. Feb. 7, 2024).

Petitioner has never filed a notice of change of address with this Court, despite having been warned that failure to do so could result in a recommendation of dismissal of her case. *See* ECF No. 5 at 2. The Court has no alternative but to direct the clerk to mail this recommendation to Petitioner at her address of record.

Accordingly, it is ORDERED:

The Clerk shall send a copy of this recommendation to Petitioner at her address of record.

And, it is respectfully RECOMMENDED:

1. The petition under 28 U.S.C. § 2241, ECF No. 2, be **DISMISSED** without prejudice for Petitioner's failure to comply with an order of the Court and failure to keep the Court apprised of her current address, or alternatively as moot.

2. The clerk be directed to close the case file.

DONE on April 17, 2025.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.